**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ANTONIO LUJAN-LUJAN, | No. 17-70736 |
| Petitioner, | Agency No. A200-188-051 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018**

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Jose Antonio Lujan-Lujan, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

withholding of removal and relief under the Convention Against Torture ("CAT").

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1078 (9th Cir. 2015). We dismiss in part and deny in part the petition for review.

We do not consider the factual allegations Lujan-Lujan raises for the first time on appeal. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (the court's review is limited to the administrative record).

We lack jurisdiction to consider Lujan-Lujan's contention as to humanitarian asylum because he never raised this claim to the agency. *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (court lacks jurisdiction to review issues or claims not presented to the agency). We also lack jurisdiction to consider Lujan-Lujan's challenges to the IJ's particularly serious crime determination and withholding of removal because, as the BIA found, he failed to challenge these findings on appeal. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

Substantial evidence supports the agency's denial of CAT relief because Lujan-Lujan failed to show it is more likely than not that he will be tortured upon his return to Mexico, either by the Mexican government or with its consent or

acquiescence. *See Avendano-Hernandez*, 800 F.3d at 1078-79 (9th Cir. 2015)

(explaining standard for deferral of removal under CAT); *Zheng v. Holder*, 644

F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**